# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DARKPULSE, INC.,                            )
                                            )
            Plaintiff,                      )
                                            )
    v.                                      )
                                            )    C.A. No. 24-746-JLH
FIRSTFIRE  GLOBAL  OPPORTUNITIES            )
FUND, LLC, and ELI FIREMAN,                 )
                                            )
            Defendants.                     )
                                            )

## <u>MEMORANDUM ORDER</u>

At Wilmington, this 17th day of July, 2026:

WHEREAS, on May 5, 2022, Plaintiff DarkPulse, Inc. ("DarkPulse") filed its First Amended Complaint (D.I. 29 ("FAC"));

WHEREAS, on September 9, 2024, Defendants FirstFire Global Opportunities Fund, LLC ("FirstFire") and Eli Fireman filed their Motion to Dismiss for Failure to State a Claim (D.I. 64);

WHEREAS, on September 30, 2025, this Court issued a Memorandum Order (D.I. 73 ("Order")) granting Defendants' motion to dismiss;[1]

WHEREAS, on October 14, 2025, Plaintiff filed a Motion for Reconsideration[2] of the Order (D.I. 74), and Defendants responded on October 28, 2025 (D.I. 75);

---

[1] This Court assumes familiarity with the FAC and the Order.

[2] Local Rule 7.1.5 allows litigants to file motions for re-argument but states that such motions "shall be sparingly granted." Del. R. 7.1.5. The decision to grant a motion for re-argument or reconsideration is squarely within the discretion of the district court. *AgroFresh Inc. v. Essentiv LLC*, 2019 WL 2745723, at *1 (D. Del. July 1, 2019). Motions for re-argument are usually granted only when the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998). Reconsideration may be granted if the movant can show an intervening change in controlling law,

WHEREAS, on November 14, 2025, Plaintiff filed a Motion for Leave to File a Reply in Further Support of Motion for Reconsideration (D.I. 76), and Defendants responded on November 17, 2025 (D.I. 77);

WHEREAS, Plaintiff's Motion for Reconsideration primarily argues that this Court's Order "was premised on a clear error of controlling law" under *Adar Bays, LLC v. GeneSYS ID, Inc.*, 37 N.Y.3d 320 (2021) (D.I. 74 at 6–9);

WHEREAS, this Court has already considered the impact of *Adar Bays* on the allegations in the FAC, and held there was no reason to consider whether the convertible promissory note would have been void under New York law in light of the Delaware choice of law clause (D.I. 73 ¶¶ 8–9);[3]

WHEREAS, Plaintiff does not otherwise present an intervening change in controlling law, availability of new evidence, or the need to correct clear errors of law or prevent manifest injustice;

---

new evidence not available when the court made its decision, or a need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999).

[3] Plaintiff says that this Court "prematurely granted" Defendants' motion to dismiss because the motion did not "clearly challenge[] [Plaintiff's] primary contention," and as a result Plaintiff "spent very little brief space on th[at] question." (D.I. 74 at 6–7.) In essence, Plaintiff blames *Defendants*—not itself—for Plaintiff not raising an argument that supposedly would have favored it. As stated above, this Court *had* considered *Adar Bays* during the parties' briefing of Defendants' motion to dismiss, and need not re-address it here. *See Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) ("Reargument should not be granted where it would merely 'allow wasteful repetition of arguments already briefed, considered and decided.'" (citing *Weissman v. Fruchtman*, 124 F.R.D. 559, 560 (S.D.N.Y. 1989))).
But even assuming for the sake of argument that this Court hadn't previously considered *Adar Bays*, Plaintiff admits that this Court would have been able to consider its impact if the parties had briefed it. Logically then, this argument would have been available to Plaintiff, and thus cannot be a ground for reargument. *See Mirtech, Inc. v. Agrofresh, Inc.*, No. 20-1170, 2023 WL 3996618, at *5 (D. Del. June 14, 2023).

WHEREAS, Plaintiff's motion for leave to file a reply impermissibly seeks to relitigate legal issues that were already addressed or could have been addressed in Plaintiff's opening brief, *see Cumins Ins. Soc'y, Inc. v. Fitch*, No. 23-139, 2025 WL 1424871, at *3 (D. Del. May 16, 2025);

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (D.I. 74) and Motion for Leave to File a Reply in Further Support of Motion for Reconsideration (D.I. 76) are DENIED.  Any request for leave to amend the FAC shall be filed on or before July 31, 2026.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE